638 So.2d 1110 (1994)
Michael AUSTIN, Plaintiff-Appellant,
v.
FIBREBOND CORPORATION, Defendant-Appellee.
No. 25565-CA.
Court of Appeal of Louisiana, Second Circuit.
February 23, 1994.
Order Denying Rehearing April 22, 1994.
*1111 David P. Daye, Shreveport, for plaintiff-appellant.
Michael G. Latimer, Minden, for defendant-appellee.
Before SEXTON, HIGHTOWER and WILLIAMS, JJ.
SEXTON, Judge.
Appellant, Michael Austin, filed suit for worker's compensation benefits against his former employer, Fibrebond Corporation, as a result of an alleged job-related injury to his right foot. Fibrebond raised the affirmative defense of intoxication on grounds that Austin refused to take a drug test pursuant to company policy after the accident occurred. The trial court sustained Fibrebond's defense, holding that Austin failed to rebut the statutory presumption of intoxication and failed to prove intoxication was not a cause of the accident. From a judgment in favor of the defendant denying Austin's claim for Worker's Compensation benefits, Austin appeals. We affirm.
Between 10:00 and 11:00 on the morning of April 10, 1990, Michael Austin was pulling a heavy, wheeled toolbox to a different site on Fibrebond's premises when it became lodged in a groove in the floor. Austin jerked the toolbox to displace it from its stationary position causing it to lurch out of the groove and roll over his right heel. Austin complained of pain and was sent by his supervisor to the Minden Family Health Center for treatment.
At the health center, Austin's foot was x-rayed, and he was examined by Dr. Fleming. Dr. Fleming found no fracture in the X ray or any other objective evidence of injury such as bruising or swelling. He was unable to determine whether there was any disability from the injury. Nevertheless, Dr. Fleming gave Austin an anti-inflammatory drug and sent him home for the day.
While Austin was at the health clinic, he was asked by Dee Johnston, a medical assistant at the clinic, to provide a urine sample for drug screening as required by Fibrebond of all employees injured on the job. Austin refused. Ms. Johnston notified Debra Acklin, the personnel director at Fibrebond, at 11:50 a.m. of Austin's refusal.
After seeing Dr. Fleming, Austin went home, but returned to the health center later in the afternoon complaining of pain. He testified he was told that he would have to pay fifty dollars for treatment.
Austin left the Minden Family Health Center without obtaining treatment and went to the Minden Medical Center with the intent of using his health insurance provided by Fibrebond. A clerk at the clinic, Martha Alexander, called Debra Acklin at Fibrebond to verify Austin's insurance. Ms. Alexander testified that Ms. Acklin requested that she send Austin back to the plant.
Austin then went to the Fibrebond plant between 4:00 and 5:00 p.m. After a brief discussion with the plant manager, Rick *1112 Broussard, who again asked Austin to submit to the drug test and was refused, Austin was fired.
Ms. Alexander testified that Austin returned to the Minden Medical Center a second time that afternoon and again requested treatment. After again contacting Ms. Acklin at Fibrebond, Ms. Alexander told Austin that he could be treated, but he would be personally responsible for the cost of treatment. Austin left without being treated.
Finally, Austin went to the LSUMC emergency room in Shreveport for treatment. Austin's foot was x-rayed, again showing no fracture. His foot was put in a splint, which he could remove in seven to ten days, and he was instructed to keep the foot elevated.
Austin retained an attorney on April 12, two days after the alleged accident. On April 13, suit was filed against Fibrebond for worker's compensation benefits.
On April 19, Austin returned to LSUMC and obtained physical therapy from Marvin Neal, P.T. Austin saw Neal on several more occasions, his last visit being June 1, 1990, seven and one-half weeks after the initial accident. Austin contended at trial that he was disabled during this entire period.
Fibrebond defended Austin's claim by utilizing LSA-R.S. 23:1081(7)(b), which creates a presumption of intoxication in cases where an employee has refused to submit to drug and alcohol testing when requested by his employer immediately after an accident. At the time of Austin's alleged accident, Fibrebond had in effect since January of 1988 a written drug policy requiring that employees submit to a drug test as ordered from time to time by Fibrebond. Indeed, Austin himself had signed an acknowledgment of the drug policy on August 24, 1989 when he went to work for Fibrebond.
In a rather concise opinion, the hearing officer sustained Fibrebond's defense of intoxication. Specifically, the hearing officer found that Austin refused to submit to a drug test after a legitimate request was made by Fibrebond pursuant to a written policy regarding drug testing and as authorized by LSA-R.S. 23:1081(7)(a). This refusal, she found, raised the presumption of intoxication, LSA-R.S. 23:1081(7)(b), and Austin failed to rebut this presumption. Because Austin was found to be intoxicated, a second presumption arose that the accident was caused by the intoxication. LSA-R.S. 23:1081(12). The hearing officer found that Austin failed to prove that intoxication was not a contributing cause of the accident so as to defeat the defense of intoxication. Hence, Austin's claim for worker's compensation benefits was dismissed.
Appellant asserts six assignments of error, the first three of which deal with the hearing officer's findings regarding Fibrebond's intoxication defense. The last three assignments assert errors in findings which the hearing officer did not make, namely, in not finding Austin was entitled to temporary total disability benefits, medical expenses, and mileage, and in failing to find that Fibrebond was arbitrary and capricious in denying Austin's claim for benefits.
The findings of the hearing officer in a worker's compensation case are given the same deference and subjected to the same "manifest error/clearly erroneous" standard of review as those of a district court. Lubon v. L.J. Earnest, Inc., 579 So.2d 1174 (La. App.2d Cir.1991).
In his first assignment of error, appellant argues that the hearing officer erred in applying the presumption of intoxication mandated by LSA-R.S. 23:1081(7)(b). This presumption arises when an employee refuses to submit to a drug and alcohol test upon his employer's demand immediately after the accident. In support of this assignment, appellant presents several strained and hypertechnical arguments.
First, appellant contends that Fibrebond's written and promulgated drug policy, which called for drug screening prior to employment and "from time to time" as required by Fibrebond, was not adequate for purposes of applying the statutory presumption in question, inasmuch as it did not specify that employees would be required to submit to testing immediately after a job-related *1113 accident.[*] Since Fibrebond in fact had a written and promulgated substance abuse policy in effect at the time of Austin's accident, we express no opinion whether subsection (7)(a) of section 1081, even when read in pari materia with subsection (8), requires a written and promulgated drug testing policy before an employer may demand that an employee submit to a drug and alcohol test.
Even if we assume, for the sake of argument, that a written and promulgated substance abuse policy is required by subsection (7)(a), that requirement was clearly met in this case. The Fibrebond policy allowed drug testing of its employees on demand. Surely, "demand" includes a test after an on-the-job injury. Therefore, we hold that the hearing officer's finding that Fibrebond had a written and promulgated substance abuse policy that allowed Fibrebond to conduct a drug test of its employees in accordance with LSA-R.S. 23:1081(7)(a) was not error.
LSA-R.S. 23:1081(7)(a) states that the "employer" has the right to demand the drug test "immediately" after the alleged job accident. Appellant submits that the presumption of intoxication was inapplicable in this case because the nurse at the Minden Family Health Center, rather than a Fibrebond official, requested the urine sample from Austin immediately after the accident. Thus, Austin also contends that the first demand from Fibrebond itself did not come until he returned to the plant at 4:30 or 5:00 in the afternoon when Mr. Broussard demanded that Austin take the test or be dismissed from the company. We conclude, under the instant circumstances, that the requirements of LSA-R.S. 23:1081(7)(a) were met in that a timely demand was made by the employer for testing. Thus, the hearing officer's determination in that regard is not clearly wrong, and the hearing officer correctly invoked the presumption of intoxication in the instant case.
Appellant's second assignment of error asserts that the hearing officer erred in not finding that Austin rebutted the presumption of intoxication. At trial, Austin elicited testimony from several witnesses who had observed Austin immediately before, during, and after the alleged accident, including the plant manager, Dr. Fleming, a co-worker, and Austin's immediate supervisor, all of whom testified that they observed nothing about Austin's behavior or demeanor that would lead them to the conclusion that Austin had been taking or was under the influence of drugs or alcohol. Fibrebond countered this testimony by eliciting testimony from these same witnesses to the effect that, while they saw nothing to indicate that Austin was intoxicated or using drugs, they could not conclude with certainty that Austin was not intoxicated or using drugs.
We find that the hearing officer was clearly wrong in not finding that Austin rebutted the presumption created by LSA-R.S. 23:1081(7)(b). The testimony elicited by appellant clearly preponderates in favor of the conclusion that Austin had not been drinking or using drugs. Not a single witness, even those adverse to appellant, could testify to any behavior that would indicate a contrary conclusion. In fact, the only evidence that defendant was intoxicated is that he refused the test. Accordingly, we find that Austin was not intoxicated and intoxication was not a contributing cause to the alleged accident.
Because the hearing officer sustained Fibrebond's intoxication defense, which we now hold was manifest error, the *1114 issue of whether appellant was temporarily totally disabled was never reached. Where a trial court does not reach an issue in rendering its decision because of an "earlier" finding which disposes of the case, the appellate court, in reversing the earlier finding, must make a de novo determination of the undecided issue from the facts presented in the record. Robertson v. Travis, 393 So.2d 304, 310 (La.App. 1st Cir.1980), writs denied, 397 So.2d 805, 806 (La.1981); see also, Lemoine v. Security Industrial Insurance Co., 569 So.2d 1092 (La.App. 3d Cir.1990), writ denied, 573 So.2d 1120 (La.1991). Hence, we must determine the issue raised by appellant's fourth assignment of error and never reached by the hearing officer, namely, whether Austin was temporarily totally disabled. For the following reasons, we find that Austin did not prove disability and is therefore not entitled to benefits.
At trial Austin failed to elicit any favorable expert testimony regarding his disability. At best, conflicting evidence of a minor injury was presented. The only physician to testify was Dr. Fleming. Not only did he not find any objective symptoms of injury, he was unable to make any disability evaluation. No testimony was submitted from LSUMC indicating that Mr. Austin was disabled from the alleged sprain. Mr. Austin's physical therapist, Marvin Neal, P.T., testified that he did not and could not make a disability evaluation of Mr. Austin. The only testimony elicited from anyone that would indicate that there was a disabling injury to Mr. Austin's foot was from his girlfriend with whom he lived. Her testimony regarding the extent of the injury and its symptoms, however, contradicted virtually everyone who had actually seen the foot, including Mr. Austin, and involved the wrong foot. Therefore, we conclude that the record shows that Mr. Austin did not show by a preponderance of the evidence that he was disabled.
Accordingly, the judgment of the hearing officer is affirmed at appellant's cost.
AFFIRMED.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
Save in rejecting the trial court's finding that plaintiff failed to rebut the presumption of intoxication, I thoroughly agree with the views expressed in the affirmance.
Before MARVIN, SEXTON, NORRIS, HIGHTOWER and WILLIAMS, JJ.

On Rehearing
PER CURIAM.
In rehearing application, plaintiff strenuously argues that at the very least he is entitled to be reimbursed for medical expenses and mileage fees related to those medical expenses, even if he is found not to have suffered a compensable injury from the accident. He seeks recovery of several hundred dollars in such expenses, as well as penalties and attorney fees for failure to pay these expenses. We deny the application for rehearing.
On the day of the accident, the plaintiff was treated at Minden Family Health Center with anti-inflammatory medication. X rays were also taken. The treating physician specifically noted that the evaluation showed a normal foot without bruisings, swelling or redness. The only indication of injury was plaintiff's subjective complaint of pain. The treating physician considered splinting the plaintiff's ankle, but did not because the plaintiff insisted on driving himself home. The doctor felt it would be unsafe for the plaintiff to do so with a splint. He was "given only that day off from work" and told to return the following day for reevaluation. He did so, and upon learning that the employer would not pay for his treatment because of his refusal to submit to a urine specimen for a drug screening, he refused to be evaluated and "left the clinic walking without difficulty." The record reflects that the initial expenses incurred at the Minden Family Health Center have been paid.
For these and other reasons set out in the original opinion, we concluded that even though the plaintiff had successfully rebutted the presumption of his intoxication, he failed to show a compensable injury. As a result, the only liability of the defendant for medical expenses was for the original treatment, *1115 which had been paid. Further, even if the expenses which plaintiff seeks are legitimate, penalties and attorney fees would not be appropriate because the employer was entitled to rely on the presumption of intoxication arising from the defendant's failure to take the urine test.
REHEARING DENIED.
HIGHTOWER, J., concurs in denying the rehearing.
NOTES
[*] Appellant cites LSA-R.S. 23:1081(8) and the case of Thompson v. Capitol Steel Co., 613 So.2d 178 (La.App. 1st Cir.1992), writ denied, 617 So.2d 936 (La.1993), in support of this proposition. In Thompson, the First Circuit held that subsection (8) of section 1081 precluded the admission into evidence the drug test results obtained by the defendant/employer, where the drug tests were not conducted pursuant to a written and promulgated policy. Appellant submits that it follows from the Thompson rationale, a fortiori, that if the test results are admissible evidence only when obtained pursuant to a written and promulgated drug policy, then an employer also must have a written and promulgated drug testing policy in effect that specifies that the employer may demand a drug test after an alleged on-the-job injury. We find it unnecessary to comment on the First Circuit's holding in Thompson, since the facts of that case are clearly distinguishable from the instant case, in which Fibrebond, unlike the defendant in Thompson, had a written and promulgated drug testing policy in place at the time of appellant's accident. Further, we note that Thompson is a plurality opinion.