670 So.2d 322 (1996)
Druitte FRANKS, Jr., Plaintiff-Appellee,
v.
AIR CONDITIONING APPLIANCE CORPORATION, Defendant-Appellant.
No. 95-01135.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1996.
*323 Terry G. Aubin, Pineville, for Druitte Franks Jr.
Ben Louis Mayeaux, Lafayette, for Air Conditioning Appliance Corp.
Before COOKS, PETERS and GREMILLION, JJ.
GREMILLION, Judge.
Defendant, Air Conditioning Appliance Corporation (hereinafter "ACA"), appeals a judgment of the Office of Workers' Compensation awarding compensation benefits to plaintiff, Druitte Franks, Jr. For the following reasons we affirm.

FACTS
On April 10, 1994, Franks was injured while employed by ACA and working on the premises of Proctor and Gamble in Pineville, Louisiana. Franks, a sheet metal mechanic, and Tracy Setliff, his helper, arrived at work between 7:00 a.m. and 7:30 a.m., and began taking down duct work that was suspended from the ceiling. At approximately 11:00 a.m., Franks lost his balance and fell from the ladder, landing on the concrete floor. He was taken by ambulance to the emergency room at Rapides Regional Medical Center where it was discovered that he had sustained a fracture to the right pelvis. Soon after Franks was admitted to the hospital, ACA requested that the hospital administer a drug screen to him. Franks refused to consent.

PROCEDURAL HISTORY
On April 18, 1994, Franks filed a Disputed Claim for Compensation against ACA. On October 20, 1994, ACA filed a motion for summary judgment seeking to have Franks' claim dismissed based on his refusal to take the drug test. On November 7, 1994, the hearing officer granted a partial summary judgment finding that Franks refused to submit to a drug test which triggered the application of the presumptions of intoxication and causation.[1] However, the hearing officer reserved Franks' right to rebut the presumption and prove that intoxication was not a contributing cause of the accident.
A hearing on Franks' claim was held on March 1, 1995. Judgment was rendered in this matter on April 13, 1995, in Franks' favor. In her written reasons, the hearing *324 officer found that the testimony of both Setliff and Barry Brown, Franks' supervisor, "clearly preponderates in favor of a finding that plaintiff was not intoxicated. The only evidence that plaintiff was intoxicated is that he refused the drug test." The hearing officer also found that if "there is no sufficient evidence to support intoxication, then, it follows that there is nothing to show causation."

OPINION
ACA asserts in its first two assignments of error that the hearing officer misapplied the presumptions of intoxication and causation and erred in holding that Franks rebutted the presumption of intoxication. A refusal to consent to a drug screen creates a presumption of intoxication and causation as set forth in La.R.S. 23:1081(7)(b) and (12). La.R.S. 23:1081 provides in pertinent part as follows:
Sec. 1081. Defenses
(1) No compensation shall be allowed for an injury caused:
* * * * * *
b) by the injured employee's intoxication at the time of the injury, unless the employee's intoxication resulted from activities which were in pursuit of the employer's interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee's work hours,
* * * * * *
(6) The foregoing provisions of this Section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question of whether the employee was under the influence of alcoholic beverages or any illegal or controlled substance.
(7) (a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
(b) If the employee refuses to submit himself to drug and alcohol testing immediately after the alleged job accident, then it shall be presumed that the employee was intoxicated at the time of the accident.

* * * * * *
(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
(Emphasis added.)
The primary issue is whether there was sufficient evidence for the hearing officer to determine that Franks had successfully rebutted the presumption of intoxication. In making this determination, we must first resolve any factual disputes by utilizing the manifest error rule, and we will not disturb the findings of the hearing officer unless her conclusions are clearly wrong. Once this is accomplished, a subsequent determination must be made as to whether Franks rebutted the presumption of intoxication by a preponderance of the evidence. Chelette v. Security Industrial Insurance, 94-815 (La.App. 3 Cir. 12/7/94); 647 So.2d 469, not considered 95-0072 (La. 2/9/95); 649 So.2d 416.
The standard for fact review in a workers' compensation case is provided in Freeman v. Poulan/Weed Eater, 93-1530, p. 4-5 (La. 1/14/94); 630 So.2d 733, 737:
In a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard. Bruno v. Harbert International, Inc., 593 So.2d 357, 361 (La. 1992). A court of appeal may not set aside a trial court's or a jury's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Stobart v. State Through DOTD, 617 So.2d 880, 882 (La. 1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's *325 conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987); Rosell, supra; Stobart, supra. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell, supra; Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Stobart, supra.
It is clear that the hearing officer found there was evidence showing Franks was not intoxicated at the time of the accident. During the hearing, testimony was elicited from Franks, Setliff, and Brown. Although Franks admitted he drank several beers the night before, he testified that he did not consume any alcoholic beverages or illegal drugs the morning of the accident. Setliff testified he was with Franks at all times from approximately 7:00 a.m. until the time of the accident, and he did not see him consume any alcoholic beverages or illegal drugs, nor did Franks appear to be intoxicated. Brown testified he saw and talked to Franks before the accident, and saw nothing that would lead him to believe that Franks was intoxicated. The hearing officer was not clearly wrong or manifestly erroneous in finding that there was evidence that Franks was not intoxicated at the time of the accident.
Having resolved that issue, we must now determine whether the evidence presented at the trial was sufficient to find that Franks successfully rebutted the presumption that he was intoxicated. The Louisiana Supreme Court addressed the issue of what evidence is sufficient for a party to rebut a presumption in Turner v. Turner, 455 So.2d 1374, 1379 (La.1984):
As in any matter in which there is a rebuttable presumption, the burden rests with the party challenging the presumption to convince the fact-finder that his proposed conclusion is more correct than the presumed one. A presumption does not have any probative value, but merely provides the fact-finder with a conclusion in the absence of proof to the contrary. See 9 J. Wigmore, Evidence § 2491(3) (3d. ed.). "Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear." Lincoln v. French, 105 U.S. (15 Otto) 614, 617, 26 L.Ed. 1189 (1881).
In particular, the presumptions found in La.R.S. 23:1081 were addressed in Austin v. Fibrebond Corp., 25,565 (La.App. 2 Cir. 2/23/94); 638 So.2d 1110, a case with a scenario very similar to the present one. In Austin, the hearing officer determined that the plaintiff failed to rebut the presumptions of intoxication and causation. During the trial, testimony was elicited from several witnesses, including a co-worker, the plant manager, and Austin's immediate supervisor, all of whom testified they observed Austin before, during, and after the accident and observed nothing that would lead them to believe he was intoxicated. To counter this evidence, Fibrebond elicited testimony from these same witnesses that they could not conclude with certainty that Austin was sober. On appeal, the court stated:
We find that the hearing officer was clearly wrong in not finding that Austin rebutted the presumption created by LSA-R.S. 23:1081(7)(b). The testimony elicited by appellant clearly preponderates in favor of the conclusion that Austin had not been drinking or using drugs. Not a single witness, even those adverse to appellant, could testify to any behavior that would indicate a contrary conclusion. In fact, the only evidence that defendant was intoxicated is that he refused the test. Accordingly, we find that Austin was not intoxicated and intoxication was not a contributing cause of the alleged accident.

Austin v. Fibrebond Corp., 638 So.2d 1110, 1113.
In this case, the hearing officer found that the testimony of Franks, coupled with the corroborating testimony of Setliff and Brown, convinced her that Franks was not intoxicated. She stated in her written reasons:
The presumptions of intoxication and causation are not conclusive and may be rebutted at trial. The testimony of all witnesses presented at trial indicates that they observed nothing that would lead *326 them to conclude the plaintiff was intoxicated at the time of the accident. This testimony clearly preponderates in favor of a finding that plaintiff was not intoxicated. The only evidence that plaintiff was intoxicated is that he refused the drug test.
In this case, the hearing officer properly considered the statutory presumption of intoxication, and based on the entire record, found that Franks overcame the presumption. We find that the hearing officer was not clearly wrong in holding that Franks rebutted the presumption of intoxication. This assignment of error is without merit.
In its third assignment of error, ACA challenges the hearing officer's ruling that as a result of determining that Franks was not intoxicated, "there is nothing to show causation." La.R.S. 23:1081 creates two separate and distinct presumptions. First, if an injured employee refuses to submit to drug and alcohol tests, then he is presumed to be intoxicated. Second, if the employer meets its burden of proof and proves the injured employee was intoxicated at the time of the accident, or if the presumption of intoxication is not rebutted, then it is presumed that the accident was caused by the intoxication. The hearing officer properly found that since Franks was not intoxicated at the time of the accident, the cause of the accident was of no moment because it occurred on the job. The lynch pin of the presumption of causation is the employer meeting the burden of proving intoxication at the time of the accident. If the employer fails to prove intoxication, the presumption of causation does not arise. Williams v. Louisiana Coca-Cola Co., 94-810 (La.App. 5 Cir. 3/1/95); 652 So.2d 108, writ denied 95-0797 (La.5/12/95); 654 So.2d 349. Accordingly, we conclude that the hearing officer's determination concerning causation is correct, and find that this assignment of error also lacks merit.

DISPOSITION
For the foregoing reasons, the judgment appealed from is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Although defendant filed a motion for summary judgment, the hearing officer treated the motion as a motion in limine, dispensing with the evidentiary questions rather than rendering a final judgment from which an appeal could be taken. While motions in limine are favored, partial summary judgments that do not grant all or some of the relief prayed for are not. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).