liTHIBODEAUX, Judge.
George Gradney filed a claim for workers’ compensation benefits against D.B.L. Drilling and Production Services, Inc. for injuries suffered during the course and scope of his employment. The workers’ compensation judge denied payment of benefits based on an intoxication defense asserted by D.B.L. Drilling. Mr. Gradney appeals this judgment and asserts that the facts .support a finding that ^either the intoxication defense is inapplicable or that he rebutted the presumption of intoxication. .
Because Mr. Gradney rebutted the presumption of intoxication, we reverse.
I.

ISSUES

The issues presented on appeal are whether the workers’ compensation judge erred in: (1) presuming Mr. Gradney to be intoxicated under La.R.S. 23:1081(7)(b); and (2) finding that Mr. Gradney did not rebut the presumption of intoxication. This court will also consider the extent and duration of Mr. Grad-ney’s disability and whether an award of penalties and attorney fees is proper.
II.

FACTS

On the morning of April 16, 1996, George Gradney rode with his brother, Kevin Grad-ney, to work at D.B.L. Drilling and Production Services, Inc. The drive was very typical and George Gradney’s behavior was normal. At approximately 9:30 that morning, Mr. Gradney took a binder off a chain by using a cheater pipe. As he pulled the cheater pipe backwards, he slipped in some mud causing the binder to snap and hit him in the knee cap. Bill Baker, Mr. Gradney’s immediate supervisor, offered Mr. Gradney medical attention, but he refused. He remained at work until the end of the day.'
Mr. Gradney stayed at home for a few days and then sought treatment through his employer from Dr. Ray Boyer on April 19, 1996. Dr. Boyer discovered a fracture in the right knee cap and referred him to Dr. Leonard (Dr. Leonard’s |3medical report was not provided in the record). Dr. Boyer stated that Mr. Gradney should not work for an unspecified period of time. After a routine drug test on April 24,1996, Dr. Boyer discovered traces of marijuana in Mr. Gradney’s bloodstream.
On June 10, 1996, Mr. Gradney sought medical treatment from Dr. A. John Tassin. Dr. Tassin also diagnosed Mr. Gradney with a fractured right knee cap and prescribed some medication for pain. He informed Mr. Gradney that he should not work for three to four weeks.
III.

LAW & DISCUSSION

Mr. Gradney asserts that the workers’ compensation judge was manifestly erroneous in applying the presumptions of intoxication and causation and in finding that Mr. Gradney did not rebut the presumptions. Louisiana Revised Statute' 23:1081 provides in pertinent part as follows:
(1) No compensation shall be allowed for an injury caused:
H* *5*
*874 (b) by the injured employee’s intoxication at the time of the injury, unless the employee’s intoxication resulted from activities which were in pursuit of the employer’s interests or in which the employer procured the intoxicating beverage or substance and encouraged its use during the employee’s work hours,
ifc * ‡ ‡ * *
(7)(a) For purposes of this Section, the employer has the right to administer drug and alcohol testing or demand that the employee submit himself to drug and alcohol testing immediately after the alleged job accident.
(b) If the employee refuses to submit himself to drug and alcohol testing immediately after the alleged job accident, then it shall be presumed that the employee was intoxicated at the time of the accident.
* * * * * *
14(12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
Mr. Gradney suggests that he did not consent to a drug test because no one requested that he take one. He asserts that he was only offered medical attention. The record, however, suggests otherwise. Bill Baker stated that whenever he asks an injured employee if he wishes to see a physician, he also advises the injured employee that a drug test will be given during the visit. After the accident occurred, he advised Mr. Gradney that the doctor would administer a drug test if D.B.L. sent him to see one. When there is conflicting testimony between witnesses, reasonable determinations of credibility should not be disturbed on appeal. Stobart v. State Dep’t of Tramp. & Dev., 617 So.2d 880 (La. 1993). Since there is no credible evidence in the record which conflicts with the workers’ compensation judge’s finding that Mr. Baker’s testimony was more credible than Mr. Gradney’s, we conclude that the workers’ compensation judge’s finding was proper in this ease.
Since Mr. Gradney refused to take the drug test, the burden shifted to him to prove that intoxication was not a contributing factor to the accident.
In making this determination, we must first resolve any factual disputes by utilizing the manifest error rule, and we will not disturb the findings of the hearing officer unless [his] conclusions are clearly wrong. Once this is accomplished, a subsequent determination must be made as to whether [Gradney] rebutted the presumption of intoxication by a preponderance of the evidence. Chelette v. Security Industrial Insurance, 94-815 (La.App. 3 Cir. 12/7/94); 647 So.2d 469, not considered, 95-0072 (La.2/9/95); 649 So.2d 416.
Franks v. Air Conditioning Appliance Corp., 95-01135, 3-4 (La.App. 3 Cir. 1/31/96); 670 So.2d 322, 324. The factual circumstances in this case do not appear to be in |5dispute. The workers’ compensation judge, however, did not consider the testimony from two of the three witnesses (the third witness being Mr. Gradney) at trial who testified about the likelihood of Mr. Gradney’s intoxication. Kevin Gradney observed Mr. Gradney on the way to work and after the accident and testified that Mr. Gradney acted normally during those time periods. Bill Baker spoke with Mr. Gradney before the accident occurred and immediately after the accident. There was nothing to suggest to Mr. Baker that Mr. Gradney was under the influence of an intoxicating substance during either time in which he spoke with Mr. Gradney. The workers’ compensation judge should have considered these facts which provide cogent evidence in support of the argument that Mr. Gradney was not intoxicated at the time of the accident.
This court must determine whether this evidence provided by Mr. Gradney is sufficient to prove by a preponderance of the evidence that he was not intoxicated at the time of the accident and the intoxication was not a contributing cause of the accident. Cases with similar facts suggest that he has. In Franks v. Air Conditioning Appliance *875 Corporation, 95-01135 (La.App. 3 Cir. 1/31/96); 670 So.2d 322, the employee refused a drug test after suffering an injury during the course of his employment. After reviewing his testimony and two other witnesses who observed nothing unusual about Mr. Franks’ actions during the time before his accident, this court held that the workers’ compensation judge was correct in finding that Mr. Franks successfully rebutted the presumption of intoxication at the time of the accident.
In Austin v. Fibrebond Corporation, 25565 (La.App. 2 Cir. 2/23/94); 638 So.2d 1110, unit denied, 94-1326 (La.9/2/94); 643 So.2d 149, the court held that the workers’ compensation judge was manifestly erroneous in not finding testimony from several witnesses who | ^observed nothing unusual about Mr. Austin’s behavior before, during, or after the accident to be evidence sufficient to rebut the presumptions of intoxication and causation. The court, in conclusion, stated:
We find that the hearing officer was clearly wrong in not finding that Austin rebutted the presumption created by LSA-R.S. 23:1081(7)(b). The testimony elicited by appellant clearly preponderates in favor of the conclusion that Austin had not been drinking or using drugs. Not a single witness, even those adverse to appellant, could testify to any behavior that would indicate a contrary conclusion. In fact, the only evidence that defendant was intoxicated is that he refused the test.
Id. at 1113.
In this ease, the only facts which support a finding of intoxication at the time of the accident, as those in Austin, are those evolving around Mr. Gradney’s refusal to consent to the drug test. The fact that marijuana was discovered in Mr. Gradney’s system eight days after the accident occurred is not dispositive of the contents of Mr. Gradney’s bloodstream on the day of the accident. Mr. Gradney provided testimony from his brother and his immediate supervisor who both stated that they did not notice anything unusual in Mr. Gradney’s behavior which would suggest that he was intoxicated before or after the accident occurred. This evidence is sufficient to support a finding that Mr. Grad-ney overcame the presumption of intoxication at the time of the accident and is entitled to workers’ compensation benefits.
Mr. Gradney argues that he should be found permanently and totally disabled or, in the alternative, temporarily totally disabled as a result of the injuries he suffered in the accident. The workers’ compensation judge did not reach the issue of the extent of Mr. Gradney’s disability resulting from the accident because he found that Mr. Gradney was intoxicated and not entitled to benefits. We will review the ^record to determine the extent and duration of Mr. Gradney’s injuries. See La.Code Civ.P. art. 2164.
To be eligible for permanent total disability payments, the claimant must be permanently unable to perform any type of employment or occupation for wages. La. R.S. 23:1221(2). Nothing in the record supports a finding of permanent disability. Eligibility for temporary total disability requires that the claimant be unable to engage in any form of employment for a temporary period of time. La.R.S. 23:1221(1). The evidence in the record supports a finding that Mr. Gradney was temporarily totally disabled for four weeks.
Dr. Ray Boyer examined Mr. Gradney and determined that Mr. Gradney had a fractured right patella. Dr. Boyer stated that Mr. Gradney should be off work, but his report did not specify a certain amount of time. Dr. Boyer referred Mr. Gradney to Dr. Leonard, an orthopedic surgeon. According to Mr. Gradney’s testimony, Dr. Leonard placed a knee brace on his knee and prescribed some medication for pain. Mr. Gradney then sought treatment with Dr. Tassin. Dr. Tassin determined that Mr. Gradney had a fracture of the right knee cap and musculoligamentous injury to the right knee and prescribed some pain medication. Dr. Tassin informed Mr. Gradney that he would be unable to work for approximately four weeks because of his injury. Mr. Grad-ney made $320.00 per week while working at D.B.L. Mr. Gradney is entitled to $213.31 per week for four weeks as compensation for his temporary total disability.
Louisiana Revised Statute 23:1203(A) requires the employer to furnish necessary *876 medical expenses to employees who are eligible for workers’ compensation benefits. D.B.L. is responsible for the payment of Mr. Gradney’s medical expenses which total to $780.52. Dr. Tassin is to receive $245.00 and the Evangeline Drug RStore is entitled to $535.52. There is no indication in the record of the need for future medical expenses.
In his last assignment of error, Mr. Gradney asserts that the workers’ compensation judge erred in not awarding penalties and attorney fees. The penalty for the failure to provide payment is inappropriate to claims which are reasonably controverted. La.R.S. 23:1201(F)(2). The question of whether Mr. Gradney rebutted the presumption of intoxication was not a clear and undisputed issue. Since the issue was reasonably controverted, Mr. Gradney is not entitled to penalties and attorney fees under La.R.S. 23:1201(F).
IV.

CONCLUSION

For the foregoing reasons, the judgment of the Office of Workers’ Compensation Administration is reversed. George Gradney is entitled to temporary total disability payments of $213.13 per week for four weeks. Mr. Gradney is also entitled to $780.52 for his necessary medical expenses.
All costs are assessed to D.B.L. Drilling and Production Services, Inc.
REVERSED AND RENDERED.