779 So.2d 42 (2001)
Kristy KIRKLAND, et al.
v.
ENTERGY NEW ORLEANS, INC.
No. 2000-C-2542.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 2001.
*43 Darryl M. Phillips, Phillips & Mitchell, L.L.C., New Orleans, LA, Counsel for Plaintiffs/Respondents.
Joseph K. West, Kenneth P. Carter, New Orleans, LA, Counsel for Defendant/Relator.
Court composed of Judge PLOTKIN, Judge WALTZER and Judge McKAY.
Judge MIRIAM G. WALTZER.

STATEMENT OF THE CASE
Defendant, Entergy New Orleans, Inc., seeks review of the trial court's ruling denying its motion for summary judgment and/or motion to dismiss and refusing to admit the Decedent's criminal record into evidence.
Plaintiffs filed wrongful death and survival actions for the injuries sustained by and the death of Sienfried Davis, alleging Entergy's negligence caused Decedent's injuries and subsequent death. Entergy filed a motion for summary judgment arguing that Decedent was involved in the commission of a felony, either simple burglary or criminal damage to property, when he was electrocuted; and therefore, plaintiffs are barred from seeking relief. The trial court conducted a hearing on the motion for summary judgment and motion to admit evidence of the Decedent's criminal record on 22 September 2000 and entered its ruling denying both motions on 25 October 2000. Entergy seeks supervisory review of these rulings.

STATEMENT OF FACTS
According to Entergy, on 13 October 1998, Decedent, along with one or more individuals, entered a sealed and locked concrete vault located at 8400 I-10 *44 Service Road in eastern New Orleans. The vault contained transformers and other electrical equipment used to supply electrical power to a substantial area of eastern New Orleans. This service area included the Oakbrook Apartment complex, which Hamp's Construction Company was in the process of demolishing. While Entergy did not own the vault, it did own the equipment within the vault. Entergy alleges that Decedent broke down the door to the vault and attempted to remove copper wire, brass fittings and other metal materials from the vault. Decedent was electrocuted when he made contact with the energized portion of the transformer. This contact created a short circuit that caused a power outage in several parts of eastern New Orleans and caused over fifty thousand dollars in damages to defendant's equipment inside the vault. Police officers and emergency medical technicians arrived shortly after the incident. Decedent died several days later.
Entergy employees were also on the scene immediately after the explosion. They noticed a crowbar, a screwdriver, a hacksaw, a vice grip, a grocery cart and a bucket inside the transformer vault.
The plaintiffs contend that Decedent did not open the vault door and did not enter the vault with the intent to commit a crime. An alleged eyewitness testified that the doors to the transformer vault were open on the day of the incident. He stated that the doors had been open for several days. The witness testified that he saw Decedent walk into the vault. The witness stated that Decedent was emptyhanded when he entered the vault. The witness surmised that Decedent went into the vault to relieve himself. About fifteen minutes later, there was an explosion and Decedent walked out of the vault severely burned.

ANALYSIS
Entergy contends that the trial court erred when it denied the motion for summary judgment, arguing that the evidence presented indicates that there are no genuine issues of material fact concerning the Decedent's activities inside the transformer vault. Entergy suggests that the Decedent entered the vault with the intent to commit a felony, i.e., simple burglary or criminal damage, and therefore is barred from recovery under LSA R.S. 9:2800.10. That statute provides for conditional immunity where the injured person is in the process of perpetrating or fleeing the scene of a felony offense.
The plaintiffs produced testimony from an alleged eyewitness that the Decedent entered the vault, which was already open, empty-handed. This witness stated that fifteen minutes later, there was an explosion and the Decedent exited the vault with substantial burns all over his body. The plaintiffs argue that such testimony reveals that Decedent did not enter the vault with the intent to commit a felony. The plaintiffs suggest that, at the most, Decedent's actions constituted criminal trespass which is a misdemeanor.
The trial court conducted a hearing on Entergy's motion for summary judgment. LSA C.C.P. art. 966 B provides that judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. The article does not make provision for the hearing procedure adopted by the trial court. Jurisprudence under 966 holds that oral testimony should not be received or considered on motion for summary judgment, even with the consent of counsel, because to sanction such procedure can have no practical effect save the fostering and encouragement of piecemeal trials and appeals. Hemphill v. Strain, 341 So.2d 1186, 1188 (La.App. 1 Cir.1976), application denied, 343 So.2d 1072 (La.1977), citing Wilkinson v. Husser, 154 So.2d 490 (La.App. 1 Cir.1963); Boothe v. Fidelity & Cas. Co. of New York, 161 So.2d 293 (La.App. 2 Cir.1964). Therefore, *45 we will not consider the testimony adduced at the hearing on Entergy's motion for summary judgment.
Entergy has not included in its writ application any affidavit, pleading, deposition, answer to interrogatories or admission tending to support its motion for summary judgment. Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Insurance Company v. Sunbeam Corp., 99-2181, 99-2257 (La.2/29/2000), 755 So.2d 226, 230. From our review of the material submitted with Entergy's writ application, we conclude that Entergy failed to sustain its burden under the relevant statute and that the trial court correctly denied the motion for summary judgment.
Entergy also argues that the trial court erred in denying Entergy's request to introduce the decedent's criminal record into evidence. Entergy bases its argument on LSA C.E. article 404 which provides, in pertinent part:
B. Other crimes, wrongs, or acts. (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case, shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
Before evidence of Decedent's other crimes may be admitted as proof of intent, three prerequisites must be satisfied: (1) the prior acts must be similar; (2) there must be a real genuine contested issue of intent at trial; and (3) the probative value of the evidence must outweigh its prejudicial effect. State v. Romero, 574 So.2d 330 (La.1990). In addition, there must be clear and convincing evidence of the commission of other crimes and Decedent's connection with them. State v. Hatcher, 372 So.2d 1024 (La.1979).
In the present case, Entergy sought to introduce evidence of the decedent's prior convictions for simple burglary, arguing that these prior convictions would show the decedent's motive, opportunity and intent in the attempted burglary of the transformer vault. Captain Craig Jennings testified that Decedent had an extensive criminal record which included four prior convictions for simple burglary. The officer produced certified records of these prior convictions, copies of which are included in Entergy's writ application. According to the officer's testimony and the documents, Decedent had been convicted of simple burglary in 1979, 1991, 1992 and 1996. Captain Jennings' testimony and the documents produced reveal that the crimes were similar to the alleged present offense and prove, by clear and convincing testimony, Decedent's involvement in the prior offenses. As Decedent's intent when he entered the vault is a crucial issue to this litigation, the trial court erred when it denied Entergy's request to introduce such evidence.
Accordingly, we grant Entergy's writ application, affirm the denial of its motion for summary judgment and reverse the trial court's ruling denying Entergy's request to admit Decedent's prior convictions for simple burglary into evidence.
WRIT GRANTED. DENIAL OF SUMMARY JUDGMENT AFFIRMED. RULING DENYING RELATOR'S REQUEST TO ADMIT EVIDENCE OF RESPONDENT'S DECEDENT'S PRIOR BURGLARY CONVICTIONS REVERSED.