MAX N. TOBIAS, JR., Judge.
 

 LThe plaintiff, Judy Carsice (“Carsice”)
 
 [1]
 
 , appeals the judgment of the Office of Workers’ Compensation (“OWC”) granting summary judgment in favor of the defendant, Empire Janitorial Sales & Services, LLC (“Empire Janitorial”), and dismissing her claim for workers’ compensation benefits. For the reasons that follow, we affirm.
 

 FACTS
 

 In June of 2003, Carsice was hired by Servall Services as part of its street cleaning crew for downtown New Orleans. Ser-vall Services is a subcontractor of Empire Janitorial. On 9 August 2003, Carsice and other crew members were being transferred to their work assignment in a Ser-vall Services van. She claims that she was thrown from her seat when the van hit a hole in the street.
 

 Carsice performed her clean-up duties following the incident. Later that day, after complaining of pain on her right side, she was transported to Tulane University Hospital & Clinic (“Tulane”) by her supervisor. She was diagnosed with acute muscle strain and released.
 

 ^During her evaluation at Tulane, Car-sice’s supervisor requested that a drug screen be administered. Carsice refused the drug screen and was subsequently fired. The medical records from Tulane reveal that Carsice admitted to using crack cocaine two days prior to the alleged incident. Carsice later reiterated this statement in her subsequent deposition.
 

 On 24 November 2003, Carsice filed a Form 1008, Disputed Claim for Compensation, naming Empire Janitorial as her employer. The claim was later amended to include Servall Services, Inc. On 3 October 2007, summary judgment was granted, dismissing Carsiee’s claim against Servall Services, Inc.
 

 In December of 2007, Empire Janitorial filed a motion for summary judgment seeking dismissal of Carsice’s claim pursuant to La. R.S. 23:1081 based on her refusal to submit to drug screening on the day of the alleged incident.
 

 In support of the motion for summary judgment, Empire Janitorial presented the medical records from Tulane and Carsice’s deposition as evidence of Carsice’s admitted drug use and her refusal to undergo drug screening. Carsice represented herself at trial of the motion after the withdrawal of her attorney of record. Other than her own statements at the hearing, Carsice presented no evidence in opposition to the motion for summary judgment. Judgment was rendered in favor of Empire Janitorial on 25 February 2008, dismissing her claim with prejudice. This timely appeal followed.
 

 STANDARD OF REVIEW
 

 This court reviews motion for summary judgment
 
 de novo. King v. Dialysis Clinic Inc.,
 
 04-2116, p. 5 (La.App. 4 Cir.1/4/06), 923 So.2d 177, 180.
 

 LDISCÜSSION
 

 As a preliminary matter, Empire Janitorial asserts that this court should not consider this appeal because Carsice failed to comply with the requirements of the Uniform Rules-Courts of Appeal, Rule 2-12.4, which provides in part:
 

 
 *555
 
 The brief of the appellant or relator shall set forth the jurisdiction of the court, a concise statement of the case, the ruling or action of the trial court thereon, a specification or assignment of alleged errors relied upon, the issues presented for review, an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited, and a short conclusion stating the precise relief sought.
 

 A copy of the judgment, order or ruling complained of ... shall be appended to the brief of the complaining litigant on appeal. If reasons for judgment were not given, the brief shall so declare.
 

 Carsice’s “brief’ is not in compliance with the requirements of the rule. It is a five-page document, containing only con-clusory allegations. It fails to provide assignments of error, a copy of the judgment from the lower court, or a jurisdictional statement. However, the appellate courts of this state have considered briefs in improper form when filed by a
 
 pro se
 
 party.
 
 Washington v. First Choice Trucking,
 
 06-1479, pp. 4-5 (La.App. 3 Cir. 3/7/07), 953 So.2d 107, 110;
 
 Costales v. Turner Industries,
 
 05-36, p. 4 (La.App. 5 Cir. 5/31/05), 905 So.2d 410, 412.
 

 Accordingly, in light of Carsice’s
 
 pro se
 
 status, we consider the merits of her appeal despite the improper form of her brief. The thrust of Carsice’s argument is that she should not have been required to submit to the drug test because she did not cause the accident. She further objected to the drug test because she believed |4the driver of the van (her supervisor) should have been required to submit to the test first.
 

 It is well settled that the refusal to consent to a drug screen creates a presumption of intoxication and causation as set forth in La. R.S. 23:1081, as follows:
 

 (7)(b) If the employee refuses to submit himself to drug and alcohol testing immediately after the alleged job accident, then it shall be presumed that the employee was intoxicated at the time of the accident.
 

 [[Image here]]
 

 (12) Notwithstanding any language to the contrary, once the employer has met the burden of proving intoxication at the time of the accident, it shall be presumed that the accident was caused by the intoxication. The- burden of proof then is placed upon the employee to prove that the intoxication was not a contributing cause of the accident in order to defeat the intoxication defense of the employer.
 

 La. R.S. 23:1081 creates two separate and distinct presumptions. First, if an injured employee refuses to submit to drug and alcohol tests, then the employee is presumed to be intoxicated. Second, if the employer meets its burden of proof and proves the injured employee was intoxicated at the time of the accident, or if the presumption of intoxication is not rebutted, then it is presumed that the accident was caused by the intoxication.
 
 Franks v. Air Conditioning Appliance Corp.,
 
 95-01135, p. 4 (La.App. 3 Cir. 1/31/96), 670 So.2d 322, 325-26.
 

 In the case at bar, it is undisputed that Carsice refused to undergo drug screening requested by her supervisor on the day of the alleged incident. Thus, Empire Janitorial is entitled to the statutory presumption of intoxication, and the burden of proof shifted to Carsice to overcome that presumption.
 

 5In order to defeat the motion for summary judgment, Carsice was required to present evidence in the form of affidavit or
 
 *556
 
 deposition, but not live testimony, sufficient to rebut the statutory presumption that the presumed intoxication was a contributing cause of the accident. La. C.C.P. art. 966 B;
 
 Kirkland v. Entergy New Orleans, Inc.,
 
 00-2542, pp. 3-4 (La.App. 4 Cir. 1/17/01), 779 So.2d 42, 44. In other words, it was necessary that Carsice come forward with sworn testimony or affidavit, either her own or that of an independent witness, setting forth specific facts based on personal knowledge that the presumed intoxication was not a contributing cause of the accident. Carsice presented no evidence.
 

 This court recognizes that a workers compensation claimant can overcome the presumption of intoxication at the summary judgment stage by presenting testimony in the form of a deposition or an affidavit from a co-worker, supervisor, or witness to the accident who can attest that the claimant did not appear to be impaired at the time of the accident or that the accident was unavoidable.
 

 | (¡In
 
 Forrester v. New Orleans Iron Works,
 
 03-1194 (La.App. 5 Cir. 2/23/04), 869 So.2d 216, the Fifth Circuit found the workers compensation claimant successfully rebutted at trial the presumption that intoxication caused his accident. Forres-ter was injured when he stepped off of a roof at night. He testified that he had used marijuana two days prior to the accident, and his co-worker testified that he had worked with the claimant for several hours prior to the accident and had no reason to believe that he was impaired. Additionally, the court found that the type of accident Forrester was involved in was not explained solely by intoxication. The testimony indicated that the claimants employer was trying to finish the job so they were working into the night, and only portions of the roof were illuminated.
 

 In
 
 The Shaw Group v. Kulick,
 
 04-0697, 04-0698 (La.App. 1 Cir. 4/8/05), 915 So.2d 796, the court reversed the trial court’s granting of summary judgment in favor of the employer finding that the employee might be able to satisfy his burden of proof at trial. The employee was injured when a manway cover struck him. The court found that the employee had rebutted the presumption based on the employee’s uncontradicted testimony, and that of his son/co-worker, that the employee (a) had not smoked marijuana on the day of the accident, (b) was alert and acting normally at the time of the accident, (c) did not cause the manway cover to shift and fall, and (d) had his back to the cover when it unexpectedly fell.
 

 In
 
 Franks, supra,
 
 the employee refused a drug test after suffering an injury during the course of his employment. After reviewing his testimony and that of two other witnesses who observed nothing unusual about the employees actions during the time before his accident, the Third Circuit held that the workers’ compensation judge was correct in finding that the employee successfully rebutted the presumption of intoxication at the time of the accident.
 

 In contrast to the above cases, Carsice presented no evidence from any of her coworkers who observed her behavior on the day of the accident, or from anyone riding in the van who might have witnessed the incident. Further, she provided no proper evidence for purposes of defending a motion for summary judgment from herself establishing that she was not intoxicated or impaired. On the showing made, Carsice has failed to rebut the statutory presumption that her intoxication was a contributing cause of the accident. Accordingly, we find no error in the trial court’s ruling.
 

 
 *557
 
 CONCLUSION
 

 |7For the foregoing reasons, the judgment granting Empire Janitorials motion for summary judgment is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Carsice has filed her appeal and brief in proper person.