MARC E. JOHNSON, Judge.
| yDefendants/Appellees, Matthew May-eaux, Louisiana Machinery Company L.L.C., (hereinafter referred to as “Louisiana Machinery”), and Travelers Property Casualty Company of America (hereinafter referred to as “Travelers”), appeal the exclusion of testimony and the damages awarded in a jury trial held in the 40th Judicial District Court, Division “A”. For the following reasons, we vacate, in part, and affirm the judgment as amended.
FACTS AND PROCEDURAL HISTORY
On July 22, 2008, Mr. Archangel was stopped at a stop sign on Alliet Road in St. Martin Parish in his 2003 Toyota Camry when a 2007 Peterbilt tractor backed into his vehicle. The tractor was owned by Louisiana Machinery and operated by its employee, Mr. Mayeaux. Mr. Archangel sustained bodily injuries and damages to his vehicle.
Mr. Archangel originally filed his petition in the Civil District Court of Orleans Parish; however, through a joint motion of the parties, the matter was | transferred to the 40th Judicial District Court. The petition listed Mr. Mayeaux, Louisiana Machinery and Marsh USA, Inc. d/b/a Marsh USA Risk Services[1] as the defendants. Through two supplemental and amending petitions, Mr. Archangel substituted Travelers as the proper liability insurer for Louisiana Machinery and added Lindsey Viator Archangel, his wife, as a plaintiff to the suit. Defendants answered the petitions, and the parties proceeded to a jury trial. Mr. Archangel filed two Motions In Limine to exclude: 1) any evidence of, references to, and records and testimony concerning his June 4, 2001 arrest for possession of crack cocaine and his November 20, 2001 guilty plea to possession of cocaine; and 2) any and all references to questions and answers in depositions regarding cocaine, any suggestion of narcotic abuse by him and any correlated questions involving his prior history with illicit drugs, and his use of narcotic pain medication following the accident.
The trial was held on August 8-9, 2011. Prior to the commencement of the trial, the trial court held a hearing on the Motions In Limine. The trial court found that any reference to Mr. Archangel’s possession of cocaine conviction would be highly inflammatory and the prejudicial nature of it far outweighed the probative value. Additionally, the trial court found the alleged usage or presence of cocaine in Mr. Archangel’s system was admissible as a part of his treatment. Later during the *789 trial, the trial court amended its ruling to exclude any questions as to whether Mr. Archangel had a drug problem and any mention of a correlation between the presence of cocaine in his urinalysis and an addictive disorder from the physicians’ depositions.
At trial, the parties stipulated to liability, particularly that Mr. Mayeaux was in the course and scope of his employment, and Travelers was the liability insurer |4for Louisiana Machinery on the date of the accident. After reviewing the evidence presented regarding damages, the jury found that Mr. Archangel sustained injuries in the July 22, 2008 accident and that Mrs. Archangel sustained a loss of consortium as a result of Mr. Archangel’s injury. The jury awarded the following damages to Mr. Archangel:
Past medical expenses $ 35,000.00
Past lost wages $ 60,000.00
Loss of earning capacity $ 5,000.00
Loss of enjoyment of life 5,000.00
Lindsey of Consortium $ 10,000.00
Total $115,000.00
The trial court adopted the jury verdicts and rendered a judgment on August 25, 2011.
Mr. Archangel filed a Motion for Addi-tur averring the jury erred as a matter of law in failing to award an amount for pain and suffering. Subsequently, Defendants filed a Motion for Judgment Notwithstanding the Verdict asserting the jury award of $5,000.00 for loss of earning capacity was not supported by the evidence adduced at trial. The motions were heard on October 11, '2011. The trial court recommended an additur of $85,000.00 for pain and suffering damages to Mr. Archangel. In addition, the trial court denied the JNOV. Defendants accepted the additur under protest and reserved their rights to appeal the judgment as reformed. The judgment was reformed by additur on November 18, 2011 to reflect the following awards:
$ 10,000.00 Lindsey Archangel-Loss of Consortium
$ 85,000.00 Aaron Archangel-Pain and Suffering
$ 35,000.00 Past Medical Expenses
$ 60,000.00 Past Lost Wages
$ 5,000.00 Loss of Earning Capacity
$ 5,000.00 Loss of Enjoyment of Life
$200,000.00 Total
The instant appeal filed by Defendants followed the reformed judgment.
ASSIGNMENTS OF ERROR
On appeal, Defendants raise the following assignments of error: 1) the trial court erred in finding Mr. Archangel was entitled to an award for loss of earning capacity; 2) the trial court erred in its recommendation of an additur of $85,000.00 in general damages for pain and suffering; 3) the trial court erred in excluding testimony and evidence of Mr. Archangel’s 2001 guilty plea and conviction for possession of cocaine; and 4) the trial court erred in excluding any testimony from the physicians’ depositions regarding narcotic medication concerns, cocaine, drug history, and addictive and drug seeking behavior.
LAW AND ANALYSIS

Loss of earning capacity

Defendants allege the trial court erred in awarding Mr. Archangel $5,000.00 for *790 loss of earning capacity. Defendants aver none of the physicians provided any medical evidence that Mr. Archangel suffers a residual disability causally related to the accident. Defendants contend no economic or vocational testimony as to lost wages, loss of earning capacity, or earning ability was offered by Mr. Archangel at trial. As a result, Defendants further aver the proof offered by Mr. Archangel contained absolutely no evidence that he sustained any physical impairment in the accident which would inhibit his future ability to earn.
Conversely, Mr. Archangel asserts the jury was well within its broad discretion to award him the “meager” sum of $5,000.00 for loss of earning [ ^capacity. Mr. Archangel argues that Dr. Cobb’s testimony, in conjunction with his and Mrs. Archangel’s testimonies, provided the jury with an adequate basis for the award.
When considering an award for loss of earning capacity, the burden is on the plaintiff to prove that because of his injuries, he has suffered a loss of income. LeBlanc v. Allstate Ins. Co., 00-1128 (La.App. 5 Cir. 11/28/00); 772 So.2d 400, 405, writ denied, 00-3522 (La.2/9/01); 785 So.2d 831. A plaintiff who seeks to recover for loss of earning capacity must prove the extent of his injuries resulting from the accident and also has the burden of proving that the injuries he sustained have incapacitated him from doing work of reasonable character in the future, that is, work for which he was fitted by training and experience, of same or similar kind in which he was engaged at the time of the accident. Richard v. Walmart Stores, Inc., 29,926 (La.App. 2 Cir. 10/31/97); 702 So.2d 79, 89.
In the instant matter, Dr. John Cobb, an orthopedic surgeon, testified through video deposition that Mr. Archangel could not return to work as a shop hand (Mr. Archangel’s occupation at the time of the accident) as long as he reported that he was experiencing pain. When asked by Mr. Archangel’s counsel if Mr. Archangel was ever fit or found to be a person who should go back to work as a shop hand, Dr. Cobb simply replied, “He’s repeatedly indicated to me that he had been unable to return to work because of his complaints.” When Dr. Cobb was asked if there was any physiological reason why Mr. Archangel could not return to work other than his complaints of pain, Dr. Cobb responded, “No.” Dr. Cobb did not testify that Mr. Archangel would not be able to return to work in the future.
In addition to Dr. Cobb’s testimony, Dr. John Cazale, an orthopedic surgeon, testified through video deposition that there was no reason Mr. Archangel could not return to work. None of the other physicians in this matter testified that Mr. 17Archangel was unable to return to work or would be unable to work as a shop hand in the future.
After review, we find Mr. Archangel failed to meet his burden of proving his injuries caused him to be incapacitated from performing work as a shop hand in the future. Other than the self-serving testimonies provided by him and his wife, Mr. Archangel failed to produce evidence of his future incapacity to work. Therefore, we find the jury was manifestly erroneous in awarding Mr. Archangel $5,000.00 for loss of earning capacity and vacate the award.

Additur award

Defendants allege the trial court erred in recommending an additur award of $85,000.00 for pain and suffering. Defendants aver the failure of the jury to award Mr. Archangel any amount for pain and suffering was not an abuse of discretion in light of the fact that the jury acted within its vast discretion and determined that, *791 based on the medical testimony, there was no evidence of objective injury. Defendants contend the jury acted within its vast discretion and determined that, based on the facts and evidence presented, an award of medical expenses was warranted but no pain and suffering resulted.
In opposition, Mr. Archangel argues the trial court was proper in recommending the additur because the jury committed a legal error in awarding him special damages and failing to award anything for pain and suffering. Mr. Archangel asserts that he endured pain for more than three years as a result of the accident and should have been compensated for his pain and suffering.
When a judgment is reformed by an additur, or remittitur is challenged on appeal, the appellate review is limited to the reformed judgment. Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95); 656 So.2d 700, 712. “In reviewing a judgment preformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.” La. C.C.P. art. 2083(B).
During the trial, Mr. Archangel testified that he had experienced pain in his neck and back and severe headaches as a result of the accident. Mr. Archangel stated that he had a cervical discogram, a radio frequency procedure, physical therapy, and various medications for his injuries, and he had little to no relief from those methods of treatment for an approximate period of three years. He further testified that he was “trying to get back into” his hobbies of fishing, bowling, and playing tennis, which were activities he was involved in with his son prior to the accident. Mr. Archangel also testified that he had sexual problems resulting from the accident. Mrs. Archangel’s testimony corroborated Mr. Archangel’s account of the effects of the accident.
Dr. Cobb testified that Mr. Archangel reported persistent neck and back pain and severe headaches at his visits. Mr. Archangel sought treatment from Dr. Cobb from August 6, 2008 through September 15, 2010. Dr. Cobb diagnosed Mr. Archangel with post-traumatic cervical and lumbar pain syndrome, posterior column mediated pain, and a cervical facet joint injury.
Dr. Cobb referred Mr. Archangel to Dr. Matthew Mitchell, a board certified anesthesiologist and pain management specialist, for invasive medical treatments. Mr. Archangel treated with Dr. Mitchell from February 4, 2009 to September 30, 2009. Dr. Mitchell performed a facet injection and a radio frequency procedure on Mr. Archangel to relieve his pain; yet, Mr. Archangel reported increased pain in an extension of his neck and tenderness around the C-7, T-l area. Dr. Cobb opined that much of the pain Mr. Archangel was experiencing was due to muscle spasms.
Dr. Brandon Brooks, a board certified anesthesiologist and pain management specialist, testified through video deposition that Mr. Archangel complained of 19neck pain during each of his visits. Mr. Archangel visited Dr. Brooks from November 4, 2009 through June 30, 2010. Dr. Brooks was able to palpate spasms in Mr. Archangel’s neck during physical examinations. Dr. Brooks diagnosed Mr. Archangel with cervical spondylosis, myofacial pain syndrome, and possible cervical radi-culopathy. Dr. Brooks related Mr. Archangel’s conditions to the accident.
After the close of evidence, the jury was presented with two interrogatories that concerned Mr. Archangel’s damages resulting from the accident. The first interrogatory asked, “Did Mr. Archangel sustain any injury in the accident on July 22, 2008?” The jury checked the line next to *792 “Yes” on the form. The second interrogatory posed to the jury asked for amounts to be listed that would fairly and adequately compensate Mr. Archangel for the injuries he had sustained. The jury listed the following amounts as responses:
Past, present and future physical pain and suffering $0.00
and future mental sh $0.00
Past medical expenses $35,000.00
Future medical expenses $0.00
Past lost wages $60,000.00
Future lost wages $0.00
Loss of earning capacity $5,000.00
Permanent residual disability $0.00
Loss of enjoyment of life $5,000.00
In general, it is legal error for a jury to award special damages for medical expenses, while at the same time denying general damages. Willis v. Noble Drilling (US), Inc., 11-598 (La.App. 5 Cir. 11/13/12); 105 So.3d 828, 840. When the jury has awarded special damages but has declined to award general damages, | inthe reviewing court must determine whether the jury’s finding “is so inconsistent as to constitute an abuse of discretion.” Id.
After review, we find the jury abused its discretion in failing to award pain and suffering damages to Mr. Archangel for his three years of treatment. The jury’s substantial special damages awards for past lost wages and past medical expenses are inconsistent with the finding that Mr. Archangel did not suffer any compensable pain and suffering associated with the accident. From the evidence presented, it is apparent that Mr. Archangel did experience injuries and pain as a result of the July 22, 2008 accident. Thus, we find the underlying jury verdict that failed to award any damages for Mr. Archangel’s pain and suffering to be unreasonable. Therefore, we do not find the trial court erred in recommending an additur to the jury awards and reforming the judgment.

Exclusion of testimony regarding prior criminal history

Defendants allege the trial coui't erred in excluding Mr. Archangel’s guilty plea and conviction for possession of cocaine to impeach his testimony. Defendants aver the trial court was erroneous in allowing Mr. Archangel to deny cocaine usage and testify as to the result of the urinalysis, which tested positive for cocaine, and preclude them from introducing any evidence or solicit testimony regarding Mr. Archangel’s prior felony conviction to rebut false testimony. Defendants contend the jury was never given the benefit of making a credibility determination of Mr. Archangel’s testimony, in spite of a clear misstatement of fact. Defendants further allege the trial court erred in ruling evidence and testimony regarding cocaine use was more prejudicial than probative.
Mr. Archangel argues that, based upon the facts at issue and the Louisiana Code of Evidence, the trial court properly excluded any evidence of, references to, and records and testimony concerning his arrest and guilty plea. Mr. Archangel It ravers that, pursuant to La. C.C. art. 609(F), his arrest from nearly 11 years prior to the trial was not admissible to attack his credibility. Mr. Archangel also avers the any alleged prejudicial effect of admitting any evidence of his arrest or guilty plea substantially outweighed the probative value. Fui'thermore, he asserts the admission of the cocaine references *793 themselves are also precluded by the Code of Evidence’s articles concerning relevant evidence.
In Tatum v. United Parcel Service, Inc., 10-1053 (La.App. 5 Cir. 11/15/11); 79 So.3d 1094, 1105, this Court held,
Interlocutory rulings on motions in limine, and other evidentiary rulings are reviewable on appeal subject to the provisions of La. C.C.P. art. 1636. In order for this Court to review evidence excluded by the trial court either in trial or in a motion in limine, the party must comply with La. C.C.P. art. 1636 to preserve the evidence. It is well settled that error may not be predicated upon a ruling that excludes evidence unless a substantial right of a party is affected and the substance of the evidence was made known to the court by counsel. In those instances, it is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion was erroneous.
[Citations omitted].
After reviewing the record, we find that Defendants failed to proffer evidence of Mr. Archangel’s conviction to the trial court. As a result, Defendants did not preserve the evidence pursuant to La. C.C.P. art. 1636. Therefore, Defendants are precluded from contending the exclusion was erroneous.

Exclusion of 'physicians’ testimonies regarding medication concerns

Defendants allege the trial court erred in excluding any medical testimony or opinions related to cocaine through the redaction of Mr. Archangel’s drug history and positive drug screen from the video testimony of the physicians and the transcripts of those videos. Defendants aver that no one other than Mr. Archangel was given an opportunity to discuss the consequences of the positive urine screen or his prior criminal conviction, and no doctor was given the opportunity to [ ^express an opinion as to the effect of cocaine usage on the motivation of a plaintiff, which would include addictive and drug seeking behaviors. Defendants contend they were deprived of the ability to defend against Mr. Archangel’s case.
Conversely, Mr. Archangel argues the trial court properly excluded the evidence in the physicians’ depositions referencing his alleged drug use. Moreover, Mr. Archangel contends that the tremendous prejudicial effect of the admission of the scant evidence concerning his alleged cocaine use substantially outweighed the minuscule probative value of that evidence.
As previously mentioned, in order for a party to preserve the evidence pursuant to La. C.C.P. art. 1636, the improperly excluded evidence must be proffered. Tatum, supra. Although we are able to view the video depositions of Dr. Cazale, Dr. Brooks and Dr. Cobbs in their entirety, portions of the depositions were excised when played before the jury. Additionally, the sections of Dr. Cazale, Dr. Brooks, Dr. Cobbs, and Dr. Mitchell’s written depositions complained of cannot be viewed in the record before us because those sections are literally redacted on the paper. Defendants failed to proffer the portions of the medical testimonies they contend were improperly excluded. Thus, the evidence was not preserved. Therefore, Defendants are precluded from contending the exclusion was erroneous.
DECREE
For the foregoing reasons, we vacate the portion of the judgment that awarded Mr. Archangel loss of earning capacity. In all other respects, we affirm the reformed judgment. Thus, we amend and affirm the awards as follows:
*794 Lindsey Arehangel-Loss of Consortium $ 10,000.00
Aaron Archangel-Pain and Suffering $ 85,000.00
Past Medical Expenses $ 35,000.00
Past Lost Wages $ 60,000.00
Loss of Enjoyment of Life $ 5,000.00
Total $195,000.00
Matthew Mayeaux, Louisiana Machinery Company L.L.C., and Travelers Property Casualty Company of America are assessed the costs for this appeal.

VACATED IN PART; AFFIRMED AS AMENDED

CHAISSON, J., concurs with reasons.

. Marsh USA, Inc. was dismissed from this matter as a defendant.