CHAISSON, J.,
dissents with reasons.
hln my opinion, it was an abuse of discretion for the trial court to exclude the expert testimony of the vocational rehabili *453 tation expert, and her reports, from the trial of this matter. I respectfully disagree with the majority’s decision to decline to address the merits of EJGH’s assignment of error regarding the exclusion of this evidence due to defendant’s failure to proffer this evidence at trial.[1]
The rationale for the rule of proffer is that an appellate court is unable to review the appropriateness of a trial court’s ruling excluding evidence unless the substance of that evidence is made known to the appellate court. In my opinion, when the trial court’s ruling is based upon an objection to the content, or some characteristic, of the excluded evidence, then the rationale for the rule of proffer is implicated and strict adherence to the rule is necessary. However, when the trial court’s ruling is based upon an alleged discovery violation, as is the case here, the rationale for the rule is not implicated and this court is not prevented from reviewing the appropriateness of the trial court’s ruling without knowing the substance of the excluded evidence. In my opinion, in such cases, application of the rule of proffer is discretionary with the appellate court, not a mandatory rule that, rather than recognizing the appellate court’s limitations in reviewing 1 ^evidentiary rulings based upon the content of the evidence, becomes a sanction against a party for failure to strictly adhere to the rule of proffer.[2]
Under the facts of this case, even if EJGH failed to strictly comply with the rule of proffer, I would exercise this court’s discretion and review the merits of EJGH’s assignment of error. I find that when the merits of the assignment of error are reviewed, I am drawn to the conclusion that the trial court abused its discretion in excluding the expert testimony and reports of EJGH’s vocational rehabilitation expert.
On the morning of trial, before the commencement of trial, claimant’s counsel made an off-the-record oral motion to strike the testimony and reports of EJGH’s vocational rehabilitation expert. Because this motion was made orally and off-the-record, we are not privy to the exact arguments that claimant’s counsel made to the court in support of his motion. Upon commencement of trial, the transcript contains what is apparently a limited summary of the arguments made to the trial court regarding this motion. In this limited summary, claimant’s counsel appears to argue that the vocational rehabilitation expert’s testimony and “any documentation produced by Bailey-McCaffrey” be struck because “they failed to produce any documentation [from Bailey-McCaf-frey]” in discovery, (emphasis added). To the extent that claimant’s counsel intended *454 to inform the trial court that claimant or her attorney received no documentation from .the [^vocational rehabilitation expert, several portions of the. record belie this assertion. .
Defense -counsel argued to the trial court that Ms. Rhodes sent claimant’s treating physician, Dr. George, a list of job leads for his approval, and that these lists show that claimant’s counsel was sent copies. of the lists.[3]. Furthermore, claimant’s testimony at trial that she met with the vocational rehabilitation counselor and applied for the jobs that she was advised of, is conclusive proof that claimant, in one format or another, received the information contained in these lists.[4] Additionally, in claimant’s pre-trial statement filed on April 22, 2015, three weeks prior to trial, claimant lists as an exhibit “[djocumentation provided to Plaintiff by vocational rehab counselors.” Furthermore, claimant’s pre-trial memorandum clearly réveals that claimant’s counsel was aware of defendant’s burden of proof at trial, and that defendant would need to meet this burden through the testimony of the vocational rehabilitation expert; yet, claimant indicated in her pre-trial statement that there were no outstanding discovery issues. EJGH’s pre-trial statement revealed Ms. Rhodes as a witness, arid claimant’s pretrial statement listed a representative - of Bailey-McCaffrey (Ms. Rhodes’s ernployer) as a witness. Despite claimant having met with Ms.-Rhodes and receiving job leads from her, knowing that -Ms. Rhodes was the vocational rehabilitation counselor and that her testimony was crucial to EJGH’s burden of proof at trial, and allegedly having never received any documentation from Ms.-Rhodes, claimant’s counsel chose not to depose |4Ms- Rhodes and further chose not to file a motion to compel the production of the allegedly missing documentation. Instead, claimant’s counsel waited until the morning of trial and urged a motion to strike, implying that claimant was somehow prejudiced by the alleged failure to receive' documentation from Ms. Rhodes.
Since claimant never- filed for or received a court order compelling the production of these allegedly missing documents, EJGH was not in violation of any such court order. At best, to the extent that EJGH failed to provide certain documents, it failed to comply with its ongoing obligation to update discovery, not a court order compelling discovery. And as stated above, the record of this matter contradicts any claim by claimant’s counsel to have been surprised or prejudiced by any alleged failure of EJGH to produce-these documents. Under these circumstances, I am of the opinion that the trial court abused its discretion by imposing the excessive sanction of excluding the expert testimony and reports of EJGH’s vocational rehabilitation expert, especially where that testimony was crucial to EJGH’s ability to carry its burden of proof.[5]
*455 Lastly, even if the rule of proffer is a mandatory rule to be strictly applied by this Court, I do not believe that EJGH violated the rule of proffer in this case. The rule of proffer’ requires that the substance of the excluded evidence be madé known to the court by counsel. Archangel v. Mayeaux, 12-696 (La.App. 5 Cir. 5/30/13), 119 So.3d 786, 793 (emphasis added). Therefore, counsel is not required to necessarily provide detailed and specific evidence to the court in order to comply with the rule, as long as the substance of that evidence is made- known to the court;
|RIn this'case, the. record is clear that Ms. Rhodes was EJGH’s vocational rehabilitation expert, and that the parties and the trial court were well aware that the function of such expert is to assist the claimant in obtaining available employment in her locale for which she is qualified at pay equal to at least 90% of her pre-injury wages. In my opinion, this is sufficient knowledge of the substance of Ms. Rhodes's testimony, without knowing the particulars of her testimony, for compliance with the rule of proffer. Likewise, I find that this knowledge is Sufficient for this Court to address the merits of EJGH’s assignment of error.
The majority points out that “we cannot determine whether the excluded evidence would have satisfied EJGH’s burden to show the amount of wage's Ms. McMillion could have been expected to earn at any of the jobs or that an actual position was available for a particular jola at the time Ms. McMillion received the notification from Ms. Rhodes.” I agree. However, in my opinion, EJG.H should have been given the opportunity to present that evidence at trial, and it was an abuse., of the .trial court’s discretion to exclude it: I would therefore vacate the judgment of the trial court and remand this m'atter for a re-trial in which both parties are -allowed to submit their evidence/’ I therefore respectfully dissent from the majority opinion.

. As will be discussed later in this dissent, I am also not convinced that there was a violation of the rule of proffer by EJGH in this case.

. I fully recognize that there may be cases, such as the factually and procedurally distinguishable Abadie case cited by the majority, where it is appropriate for the appellate court to choose to apply the rule of proffer even when the trial court’s ruling is based upon a discovery violation. Abadie was a complex asbestos exposure lawsuit in which the consolidated claims of 129 plaintiffs culminated in a seven month jury trial. Plaintiffs filed a motion to compel due to a defendant’s refusal to respond to discovery, which resulted in the trial court excluding that evidence. The defendant took an emergency writ to this Court, In denying the defendant’s writ, this Court specifically instructed the defendant that it should proffer the disputed evidence in the trial court, yet defendant chose not to follow the Court’s instructions. This Court appropriately declined to upset the result of the seven month jury trial where defendant had failed to proffer the excluded evidence. See Abadie v. Metro. Life Ins. Co., 00-344 (La.App. 5 Cir. 3/28/01), 784 So.2d 46, 86-87, writ denied 01-1735 (La.12/14/01), 804 So.2d 644.

. The record shows that these lists of job leads, dated July 14, 2014, August 5, 2014, August 29, 2014 and September 1, 2014,- were also attached to EJGH’s pre-trial memorandum filed with the trial court and copied to claimant’s counsel on May 1, 2015, three days prior to the May 4, 2015 trial.

. Claimant acknowledges that she obtained a ‘ new job through her own efforts on March 1, 2015, so presumably she had received the job lead information from the vocational rehabilitation expert and applied for those other jobs prior to that date.

.The basis of the trial court’s judgment in favor of claimant was that the "employer did not show the amount of, wages that Claimant could be expected to earn in that job and that an actual position was available for that particular job -at the time that the claimant re- . ceived notification of the job,”